# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACK A. MCCALLUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Defendant. | Case No. 1:14-cv-00284-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF NO. 1<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

Plaintiff Mack A. McCallum filed the original complaint in this action on or around February 26, 2014. (ECF No. 1.) For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims.

## I.

## SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must dismiss a case if at any time the Court determines that the complaint fails to state a claim upon which relief may be granted. In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual

allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

## II.

## PLAINTIFF'S COMPLAINT

Plaintiff names the State of California as the sole defendant in this action ("Defendant"). Plaintiff contends that his rights were violated by the passage of "Megan's law which has had a huge impact on his ability to make money or secure the rights given in the constitution to life, liberty and the pursuit of happiness." (Compl. ¶ 3.) Plaintiff also contends that he "in September 1992 was granted a P.C. 1203.4 that releases him from all penalties and restores all his civil rights. It is an expungement." (Compl. ¶ 4.) Plaintiff further contends that Megan's law "violate[s] his civil rights in that no ex post facto laws be applied to a person that has had all rights restored and charges have been expunged." (Compl. ¶ 5.)

## III.

## DISCUSSION

### A.   Ex Post Facto Claim

Although unclear, Plaintiff's complaint appears to raise an ex post facto challenge to California's Megan's law and the requirement that Plaintiff register as a sex offender. "The States are prohibited from enacting an ex post facto law." Garner v. Jones, 529 U.S. 244, 249 (2000) (citing U.S. Const., Art I, § 10, cl. 1). The Ex Post Facto Clause bars enactments which, by retroactive operation, increase the punishment for a crime after its commission. Id. (citing

Collins v. Youngblood, 497 U.S. 37, 42 (1990)).  "[T]wo critical elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it."  Weaver v. Graham, 450 U.S. 24, 29 (1981) (citing Lindsey v. Washington, 301 U.S. 397, 401 (1937)).

Plaintiff's ex post facto claim fails for a number of reasons.  First, as a general proposition, sex offender registration laws do not violate the Ex Post Facto Clause.  See Smith v. Doe, 438 U.S. 84, 105-106 (2003) (holding that Alaska's sex offender registration laws do not violate the Ex Post Facto Clause); Hatton v. Bonner, 356 F.3d 955, 967 (9th Cir. 2003) (California's sex offender registration scheme does not violate Ex Post Facto Clause).  Plaintiff's complaint fails to allege any facts that raise a new or different challenge to California's sex offender registration scheme that has not already been rejected by the United States Supreme Court or the Ninth Circuit.  Accordingly, his claim is not cognizable.

Second, Plaintiff has not alleged any facts that demonstrate that he has standing to raise an ex post facto challenge to California's sex offender registration scheme.  Plaintiff does not identify when he committed the crime at issue.  Further, it is unclear which provision of California's sex offender registration scheme Plaintiff is challenging.  If Plaintiff committed the crime after the challenged provision of California's sex offender registration scheme was enacted, Plaintiff lacks standing because the punishment for his crime was not increased after its commission.  See Castillo v. Gomez, 27 Fed. Appx. 820, 822 (9th Cir. 2001).

Plaintiff cites California Penal Code § 1203.4 in his complaint, which provides for a process to expunge criminal convictions.  Although Plaintiff does not expressly allege how the expungement statute is relevant to his ex post facto claim, presumably Plaintiff is attempting to raise an ex post facto challenge to subsequent amendments which require sex offenders to register irrespective of whether their conviction has been expunged pursuant to Section 1203.4.  See Cal. Penal Code § 290.007 ("Any person required to registered ... shall register ... regardless of whether the person's conviction has been dismissed pursuant to Section 1203.4....").  However, even if California law at the time Plaintiff committed his crime would have allowed expungement under Section 1203.4 to relieve Plaintiff of his duty to register as a sex offender,

the subsequent changes to California's sex offender registration scheme would not violate the Ex Post Facto Clause. See U.S. v. Hardeman, 704 F.3d 1266, 1268 (9th Cir. 2013) ("...those laws, standing alone, do not violate ex post facto principles [because] registration itself is not considered punitive."); see also People v. Acuna, 77 Cal. App. 4th 1056, 1060 (2000) (amendments to Section 1203.4 prohibiting expungement of sex offense did not constitute ex post facto law).

Based upon the foregoing, the Court finds that Plaintiff fails to state a cognizable claim under the Ex Post Facto Clause.

### B. Eleventh Amendment Immunity

Plaintiff attempts to assert a claim against the State of California for monetary damages, presumably pursuant to 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted). The effect of the Eleventh Amendment must be considered sua sponte by federal courts. Charley's Taxi Radio Dispatch Corp. v. SIDA of Hawaii, Inc., 810 F.2d 869, 873 n.2 (9th Cir. 1987).

The State of California is immune from suit under the Eleventh Amendment. Moreover, the State of California is not a "person" within the meaning of Section 1983 and therefore cannot be sued under Section 1983 for monetary damages. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the Court recommends that Plaintiff's claim against Defendant be dismissed.

### C. Dismissal Without Leave to Amend

Normally, leave to amend should be granted upon dismissal of a complaint with "extreme liberality." Moss v. U.S. Secret Service, 572 F.3d 962, 972 (9th Cir. 2009). Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not

be saved by any amendment. Id.

The Court finds that it is clear that Plaintiff's complaint cannot be saved by any amendment. Plaintiff's ex post facto challenges to California's sex offender registration scheme are not cognizable by clearly established law. Further, Plaintiff's attempt to sue the State of California is barred by the Eleventh Amendment. Therefore, the Court recommends that Plaintiff's claim be dismissed without leave to amend.

## IV.

## CONCLUSION AND RECOMMENDATION

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court further finds that Plaintiff's complaint cannot be saved by any amendment.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED, without leave to amend.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 7, 2014**

UNITED STATES MAGISTRATE JUDGE